UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

A.J.M.C.,

Petitioner,

-against-                                                      26-cv-2717 (LAK)

KENNETH GENALO, *et al.*,

Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/02/2026

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

Petitioner has filed a petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. He alleges that he has been detained by U.S. Immigration and Customs Enforcement since June 5, 2025, and that removal proceedings were initiated against him on June 17, 2025. In his removal proceedings, Petitioner has sought asylum, withholding of removal, and protection under the Convention Against Torture.

Petitioner has moved for an order that would (1) allow him to prosecute this action using only his initials and (2) require the redaction in all court filings of his alien registration number ("A number") and the date and month of his birth.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." In *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 189-90 (2d Cir. 2008), however, the Second Circuit indicated that district courts may permit parties to proceed pseudonymously notwithstanding Rule 10(a) if the balance of interests served by doing so outweighs the interests of the defendant and the public in full disclosure. It further set out a non-exhaustive list of factors that may bear on how the balance should be stricken in any given case. I have taken them all into account to the extent that they are relevant here.

The Court finds it appropriate to protect Petitioner's identity from public disclosure substantially for the reasons set out in Petitioner's memorandum of law accompanying his motion.[1]

---

[1] *See* Dkt 4 at 4-7.

2

Petitioner "fall[s] within a particularly vulnerable class of migrants for whom confidentiality about the nature and existence of their claims is particularly important."[2]  Furthermore, because of the nature of Petitioner's claims, the public interest in learning his identity is low, and because the Court will order Petitioner's name to be disclosed to Respondents, those parties will not suffer prejudice.

For the forgoing reasons, Petitioner's motion (Dkt 3) is granted to the extent herein set forth.  It is hereby

**ORDERED** as follows:

1.    The parties are directed to refer to Petitioner by his initials "A.J.M.C." in all public filings, including in the caption of the case.

2.    The parties are directed to redact from all public filings Petitioner's alien registration number ("A number") and date and month of birth.

3.    **Within one business day**, Petitioner's counsel shall share Petitioner's full name and A-number with Interested Party Jeffrey Oestericher and/or with any other counsel of record who may appear on behalf of Respondents in this action before such time.

4.    **Within two business days**, Petitioner's counsel shall file on the docket, under seal, a document setting forth Petitioner's full name and A-number.

SO ORDERED.

Dated:      April 2, 2026

Lewis A. Kaplan
United States District Judge

---

2

*Kiakombua v. McAleenan*, No. 19-cv-1872, 2019 WL 11322784, at *3 (D.D.C. July 3, 2019) (Jackson, J.); *see MM v. Mayorkas*, No. 24-cv-2090, 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024).