UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

A.J.M.C.,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/07/2026

                                        Petitioner,

            -against-                                    26-cv-2717 (LAK)


KENNETH GENALO,

                                        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER GRANTING
### WRIT OF *HABEAS CORPUS*

LEWIS A. KAPLAN, *District Judge*.

            Petitioner is a native of El Salvador who claims to have been living in New York for nearly18 years after crossing the United States-Mexico boarder without inspection.[1]  He asserts that he has three U.S. citizen children.[2]  Petitioner was arrested by immigration authorities on June 5, 2025.[3]  The same day, an immigration officer made an initial custody determination that petitioner would be detained pending the outcome of his removal proceedings.[4]  On December 3, 2025, petitioner's counsel requested a bond redetermination hearing before an immigration judge,[5] which was summarily denied the same day on the ground that petitioner is subject to mandatory detention under Section 235(b)(2)(A) of the Immigration and Nationality Act.[6]  Petitioner's removal proceedings remain ongoing.[7]

---

[1]     Dkt 1 at ¶¶ 19-24; Dkt 1-1 at ¶¶ 4-5.

[2]     *Id.* at ¶¶ 1, 26-27; Dkt 1-1 at ¶¶ 2, 6, 8.

[3]     Dkt 1 at ¶ 1; Dkt 1-1 at ¶ 2; Dkt 11-3.

[4]     Dkt 11-4.

[5]     Dkt 1-1 at ¶ 18.

[6]     *Id.*; Dkt 11-5.

[7]     Dkt 1-1 at ¶ 17; Dkt 11 at 3.

2

On April 2, 2026, Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[8]  That day, the Court ordered respondents not to remove petitioner from the United States or transfer petitioner to a facility outside this district, the Eastern District of New York, or the District of New Jersey.[9]  The Court ordered respondents also to file a letter containing certain information regarding petitioner's detention and the purported authority under which they are detaining him.[10]

In that letter, respondents confirm that they are detaining petitioner pursuant to Section 235(b)(2)(A).[11]  Respondents agreed, however, that there is no basis to distinguish this case from *Barco Mercado v. Francis*,[12] in which this Court held that immigrants like petitioner are subject to discretionary detention under Section 236(a) of the Immigration and Nationality Act, not mandatory detention under Section 235(b)(2)(A).[13]  Specifically, respondents acknowledged that *Barco Mercado* "would control the legal issues in this case if the Court adheres to that decision, as the facts of this case are materially indistinguishable from that of *Barco Mercado*."[14]  The Court adheres to its decision in *Barco Mercado*.

Respondents nevertheless contend that the Court should order that petitioner be provided a bond hearing instead of immediate release.[15]  But, as the Court repeatedly has stated in similar cases, ordering a bond hearing would be futile because the Board of Immigration Appeals held in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), that immigration judges lack jurisdiction to consider bond requests from detainees in petitioner's position.[16]  A district court in

---

[8] Dkt 1.

[9] Dkt 5 at 2-3.

[10] *Id.* at 1-2.

[11] Dkt 11 at 2.

[12] 811 F. Supp. 3d 487 (S.D.N.Y. 2025).

[13] *Id.* at 503.

[14] Dkt 11 at 3.

[15] *Id.*

[16] *E.g.*, *Mejia v. Joyce*, No. 25-cv-10462, 2025 WL 3719632, at *3 (S.D.N.Y. Dec. 23, 2025).

3

California recently vacated *Yajure Hurtado* under the Administrative Procedure Act,[17] but that order has been stayed pending appeal.[18]  In any event, petitioner has been illegally detained since at least December 3, 2025, when he was denied a bond redetermination hearing, and "the typical remedy for unlawful executive detention . . . is, of course, release."[19]

Accordingly, the petition for a writ of habeas corpus (Dkt 1) is granted.  Respondents immediately shall release petitioner in this district, together with any and all personal property seized from him upon his arrest, and shall file on the docket, no later than 5 p.m. on April 8, 2026, an affidavit or declaration confirming that they have released petitioner as directed.  The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:     April 7, 2026
Issued at:     1:59 pm

Lewis A. Kaplan
United States District Judge

---

[17]
   *Bautista v. Santacruz*, No. 25-cv-1873, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026), *appeal filed*, No. 26-1044 (9th Cir. Feb. 23, 2026).

[18]
   *Bautista v. Exec. Off. For Immigr. Rev.*, Nos. 25-7958, 26-1044, slip op. at 3-4 (9th Cir. Mar. 31, 2026), Dkt No. 17.

[19]
   *Tumba v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *8 (S.D.N.Y. Nov. 4, 2025) (quotation marks omitted) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).